UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


ANTONE REYNOLDS,

        Plaintiff,

v.                                      Case No. 2:07-cv-59
                                        HON. GORDON J. QUIST
UNKNOWN MATTSON,

        Defendant.

_____/


## REPORT AND RECOMMENDATION

        Plaintiff Antone Reynolds, an inmate currently confined at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Corrections Officer Unknown Mattson.  Plaintiff's complaint alleges that Defendant retaliated against him for his use of the grievance system and discriminated against him for being Islamic by having him placed on suicide watch and depriving him of meals on numerous occasions.  Plaintiff claims that Defendant's conduct violated his rights under the First, Eighth and Fourteenth Amendments.  Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

        Presently before the Court is Defendant's Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56.  Plaintiff has filed a response and the matter is ready for decision.  Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must

demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).  However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

In Plaintiff's complaint, he alleges that on November 10, 2006, he wrote a grievance on Defendant for degrading and humiliating him for talking to another prisoner about filing grievances and lawsuits by placing him on food loaf for a falsified misconduct.  Defendant subsequently labeled Plaintiff a homosexual and told other staff that Plaintiff was suicidal.  Plaintiff was placed on suicide watch, but was removed from it the next day after he was interviewed by the psychologist.  Plaintiff claims that he suffered mental stress and physical abuse when he was handcuffed behind his back and his clothes were removed with a big knife.  Plaintiff also alleges that Defendant deprived Plaintiff of meals, and threatened and taunted him in retaliation for filing the grievance.  Plaintiff sought to be placed in protective custody away from Defendant on

- 2 -

November 21, 2007, as a result of threats on his life by Defendant, Resident Unit Officer Ortiz, and Resident Unit Officer Irwin.

Plaintiff's complaint further alleges that he is a "Black Muslim" and on December 24, 2006, he was reading and studying the Bible and Holy Qur'an when Defendant approached his cell and stated, "If I hear you talking again I am going to put you in an Observation Cell."  Defendant found Plaintiff studying the Bible and Holy Qur'an later the same day and began yelling that Plaintiff was going to kill himself.  Plaintiff was again placed in an observation cell.  Plaintiff further states that Defendant and Resident Unit Officer Ortiz began calling Plaintiff a homosexual, which is in violation of Plaintiff's religion.  Plaintiff asserts that Defendant has a history of calling Black prisoners "niggers and fuck boys."

In his brief in support of the motion for summary judgment, Defendant claims that Plaintiff's official capacity claims are barred by the Eleventh Amendment.  A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity; in this case, the Michigan Department of Corrections.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71  (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  An official-capacity defendant is absolutely immune from monetary damages.  *Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998); *Wells v. Brown*, 891 F.2d 591, 592-93 (6th Cir. 1989).  Therefore, Plaintiff's claims for monetary damages against Defendant in his official capacity are properly dismissed.  Nevertheless, an official-capacity action seeking injunctive relief constitutes an exception to sovereign immunity.  *See Ex Parte Young*, 209 U.S. 123, 159-60 (1908) (Eleventh Amendment immunity does not bar injunctive relief against a state official).  Therefore, Plaintiff's claim for injunctive relief is not barred by the Eleventh Amendment.

Defendant also claims that he is entitled to summary judgment on Plaintiff's retaliation claim. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

In response to Defendant's motion for summary judgment, Plaintiff states that he filed a grievance on Defendant Mattson on November 10, 2006. Plaintiff claims that Defendant Mattson threatened Plaintiff, took his food, and began spreading rumors among other inmates that Plaintiff was a homosexual. Defendant Mattson then had Plaintiff placed on suicide watch on November 14, 2006. Plaintiff claims that when he was placed on observation status, his hands were handcuffed behind his back and officers cut his clothes off using a large knife.

The filing of a prison grievance is constitutionally-protected conduct for which a prisoner cannot be retaliated against. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000); *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000). However, Defendant claims that Plaintiff's grievance challenging the veracity of a major misconduct charge was not protected conduct because such issues are non-grievable and are properly resolved through the administrative hearing process. In support of this assertion, Defendant cites *Jackson v. Kronberg*, 111 Fed. Appx.

- 4 -

815 (6th Cir. 2004).  In *Jackson v. Kronberg*, the Sixth Circuit noted that in cases involving a minor misconduct charge, MDOC Policy Directive 03.03.105 give prisoners the right to a hearing and appeal:

> The policy specifically states that "decisions made in minor misconduct hearings" are "non-grievable" and must be "rejected by the Grievance Coordinator."   MDOC policy Directive 03.02.130. Thus, if Jackson believed that the confiscations were improper, his recourse was under Directive 03.03.105 rather than the grievance process.

*Jackson v. Kronberg*, 111 Fed. Appx. 815, 818.

The Court further noted that because the plaintiff in *Jackson* did not follow the applicable prison procedures, the grievances were rejected and were considered unprotected activity for purposes of a retaliation claim.  *Id.*  A review of the record in this case reveals that Plaintiff filed the grievance on Defendant for his conduct in falsely accusing Plaintiff of refusing to return a styrofoam cup, and for placing Plaintiff on food loaf.  Unlike the grievances in *Jackson*, Plaintiff's grievance was not rejected, and prison officials responded to the merits of the grievance.  Therefore, the the holding in *Jackson* is not applicable to this case.

Defendant also claims that Plaintiff's allegations of verbal harassment are not sufficient to deter a person of ordinary firmness from engaging in protected conduct, and that Plaintiff's placement on suicide observation status is not "adverse action" because inmates on observation status are merely placed in a stripped cell and closely monitored.  Plaintiff responds that Defendant also falsely told other prisoners that Plaintiff was a homosexual and denied him food. As noted by the Sixth Circuit, "In the prison context, an action comparable to transfer to administrative segregation would certainly be adverse," as would "[h]arassment, physical threats, and transfer to the area of the prison used to house mentally disturbed inmates."  *Thaddeus-X*, 175

- 5 -

F.3d at 396, 398.  Therefore, in the opinion of the undersigned, placement in suicide watch would constitute an "adverse action" as would the denial of food.

Finally, Defendant asserts that Plaintiff has failed to allege sufficient facts to show a causal connection between the grievance and Plaintiff's placement in observation status on November 14, 2006, because Defendant did not have knowledge of the grievance until after Plaintiff had already been placed in observation.  In addition, Defendant attaches his affidavit in which he attests that Plaintiff was placed in an observation cell after Plaintiff told him that he was going to harm himself.  Defendant states that Plaintiff's clothes were removed with safety cutters by other staff with the supervisor present.  Defendant attests that this was ordered by Sergeant McKay and that Plaintiff was never in any danger.  (*See* Defendant's Exhibit G, ¶ 3.)  Defendant also denies ever refusing to give Plaintiff meals or threatening him.  (*See* Defendant's Exhibit G, ¶ 4.)

In response, Plaintiff denies ever stating that he was going to harm himself and states that he was placed on suicide watch as punishment for filing the grievance.  Plaintiff also claims that Defendant did in fact deny him meals.  In the opinion of the undersigned, there is a genuine issue of material fact regarding whether Defendant was motivated by a desire to retaliate against Plaintiff when he claimed that Plaintiff was threatening to harm himself and had him placed on observations status.  It appears that each party presents a differing version of the events and neither party has come forward with any additional support for their claims.  Therefore, the undersigned recommends that Defendant be denied summary judgment on Plaintiff's retaliation claim.

Defendant also claims that he is entitled to summary judgment on Plaintiff's Eighth Amendment claim.  The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes.  Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency."  *Rhodes v. Chapman*, 452 U.S. 337, 346

- 6 -

(1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). In sum, this prong of the Eighth Amendment affords protection against conditions of confinement which constitute health threats, but not against those which cause mere discomfort or inconvenience. *Hudson*, 503 U.S. at 9-10 (requiring "extreme" or "grave" deprivation); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989), *cert. denied*, 493 U.S. 969 (1989); *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988). In the opinion of the undersigned, Plaintiff has not alleged a deprivation which triggers this form of Eighth Amendment scrutiny. Although Plaintiff claims that Defendant refused him meals on occasion, he fails to specify the number of times that this occurred, nor does he state that he suffered any ill health as a result. Therefore, the undersigned recommends that Defendant be granted summary judgment on Plaintiff's Eighth Amendment claim.

Defendant states that he is entitled to summary judgment on Plaintiff's equal protection claim because this claim is entirely conclusory. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). When a law adversely impacts a "suspect class" such as one defined by race, alienage, or national origin, or invades a "fundamental right" such as speech or religious

freedom, the rigorous "strict scrutiny" standard governs, whereby such laws "will be sustained only if they are suitably tailored to serve a compelling state interest." *City of Cleburne*, 473 U.S. at 440.

As noted above, Plaintiff claims that he is a Black Muslim and that on December 24, 2006, he was reading and studying the Bible and Holy Qur'an when Defendant approached his cell and stated, "If I hear you talking again I am going to put you in an Observation Cell." Defendant found Plaintiff studying the Bible and Holy Qur'an later the same day and began yelling that Plaintiff was going to kill himself. Plaintiff was again placed in an observation cell. Plaintiff further states that Defendant and Resident Unit Officer Ortiz began calling Plaintiff a homosexual, which is in violation of Plaintiff's religion. Plaintiff asserts that Defendant has a history of calling Black prisoners "niggers and fuck boys." In Defendant's affidavit, he denies ever engaging in the above misconduct. Because Plaintiff and Defendant each present a differing version of the events and neither party has come forward with any additional support for their claims, there appears to be a genuine issue of material fact with regard to the equal protection claim. Therefore, the undersigned recommends that Defendant's request for summary judgment on the equal protection claim be denied.

Finally, Defendant claims that he is entitled to summary judgment on Plaintiff's retaliation claim because it is barred by the favorable termination requirement. Defendant states that Plaintiff was found guilty of a major misconduct for failing to return a styrofoam cup to Defendant after he was ordered to do so on November 9, 2006. As a result, Plaintiff wrote a grievance on Defendant on November 10, 2006, claiming that Defendant degraded and humiliated him for talking to another prisoner about filing grievances and lawsuits by placing him on food loaf for a falsified misconduct. As noted above, Plaintiff claims that he was retaliated against for filing this grievance.

The Supreme Court has held that a claim for equitable relief and monetary damages that necessarily implies the invalidity of the punishment imposed, is not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court recently has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 125 S. Ct. 1242, 1248 (2005). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *see also Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit decisions applying *Edwards* to procedural due process challenges), *cert. denied*, 122 S. Ct. 1795 (2002). *See also Muhammad v. Close*, 540 U.S. 749 (2004) (holding that the *Heck-Edwards* bar applies to prison misconduct challenges only when good-time credits are implicated).

In this case, Plaintiff's claim of retaliation stems from Defendant's alleged misconduct following the writing of a grievance. This claim does not depend on whether or not Plaintiff was actually guilty of the November 9, 2006, misconduct. Therefore, because Plaintiff's

retaliation claim does not necessarily invalidate the misconduct conviction, it is not barred by the favorable termination requirement.

        In summary, in the opinion of the undersigned, there is a genuine issue of material fact with regard to Plaintiff's retaliation and equal protection claims.  However, in the opinion of the undersigned, Defendant is entitled to summary judgment on Plaintiff's Eighth Amendment claim. Accordingly, it is recommended that Defendant's Motion for Summary Judgment (Docket #16) be granted, in part, and denied, in part.

        NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


       /s/ Timothy P. Greeley                    
       TIMOTHY P. GREELEY
       UNITED STATES MAGISTRATE JUDGE

Dated:  May 7, 2008