UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTONE REYNOLDS,

        Plaintiff,

v.                                          Case No. 2:07-CV-59

UNKNOWN MATTSON,              HON. GORDON J. QUIST

        Defendant.
_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART
## REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Objections and Defendant's Objections to the report and recommendation dated May 7, 2008. In his report and recommendation regarding Defendant's motion for summary judgment, Magistrate Judge Greeley recommended that the Court: (1) grant the motion with respect to Plaintiff's claims against Defendant in his official capacity for monetary damages but deny it with respect to injunctive relief; (2) deny the motion the motion with regard to Plaintiff's retaliation claim based upon Plaintiff's exercise of his First Amendment rights; (3) grant the motion with regard to Plaintiff's Eighth Amendment claim; and (4) deny the motion with regard to Plaintiff's equal protection claim.

After conducting a *de novo* review of the report and recommendation, the Court will adopt in part and reject in part the report and recommendation.

**Plaintiff's Objections**

In his Objections, Plaintiff focuses upon the magistrate judge's recommendation regarding the Eighth Amendment claim. In particular, the magistrate judge concluded that Plaintiff's allegation that Defendant refused him meals on occasion does not establish that Plaintiff suffered

any ill health as a result, and therefore Plaintiff's allegations fail to meet the Eighth Amendment standard set forth in the report and recommendation. Plaintiff does not disagree with that assessment, but he states in his Objections that the magistrate judge failed to consider the deprivations that Plaintiff was forced to endure when he was falsely placed in an observation room for suicide watch. Plaintiff points out that he was handcuffed and taken to the observation room, which had been stripped of everything but a mattress. He also says that he was not allowed sheets, blankets, pillows, pillow cases or towels, and was not allowed clothing except for underwear and a suicide prevention gown.

While Plaintiff obviously found these circumstances uncomfortable, they do not suggest that Plaintiff was subjected to the unnecessary and wanton infliction of pain, even at a *de minimis* level, that would support an Eighth Amendment violation. Plaintiff's placement and treatment in the suicide observation cell does not amount to cruel and unusual punishment, even if such actions were not for a legitimate purpose. *See Brown v. Caruso*, No. 2:07-CV-140, 2008 WL 299030, at *4 (W.D. Mich. Feb. 1, 2008) (stating that "Plaintiff's claim that he was placed in suicide watch does not rise to the level of an Eighth Amendment violation"); *Skinner v. Reed*, No. 07-4160-CV-C-NKL, 2008 WL 141669, at * (W.D. Mo. Jan. 11, 2008) ("Moreover, plaintiff's claims regarding assignment to a suicide cell fail to state a claim under the Eighth Amendment. Conditions are not cruel and unusual merely because they are harsh or uncomfortable.").

**Defendant's Objections**

1.   **Injunctive Relief**

In his report and recommendation, the magistrate judge concluded that Plaintiff's official capacity claim against Defendant is barred by the Eleventh Amendment to the extent that Plaintiff seeks monetary damages. The magistrate judge further concluded, however, that Plaintiff's claim

against Defendant for injunctive relief is not barred by the Eleventh Amendment. Defendant objects to this conclusion, noting that Plaintiff is not entitled to injunctive relief because he is suing over past acts allegedly committed by Defendant and he is not seeking injunctive relief to end a continuing violation of federal law. Defendant also notes that Plaintiff is no longer housed at the facility where his claims arose, such that any request for injunctive relief is moot.

The Court agrees with Defendant. The exception to Eleventh Amendment immunity for injunctive relief is limited to suits seeking to enjoin state officials from committing future acts that violate federal law. *See Ex parte Young*, 209 U.S. 123, 159-60, 28 S. Ct. 441, 454 (1908). This exception applies only to prospective injunctive relief. *See Edelman v. Jordan*, 415 U.S. 651, 664, 94 S. Ct. 1347, 1356 (1974). Plaintiff's complaint shows that any request for injunctive relief is based solely upon Defendant's past acts and not upon any present or future threat of a constitutional violation by Defendant. Nothing in Plaintiff's allegations suggest the Defendant is currently violating Plaintiff's rights or that Defendant is likely to do so in the future. Moreover, given the fact that Plaintiff is no longer housed at the facility where the events occurred, any request for future injunctive relief would be moot. *See Bailey v. Cantrell*, No. 3:05-CV-637-B, 2006 WL 1628004, at *7 (N.D. Tex. June 13, 2006); *Martin v. Gold*, No. 1:05-CV-28, 2005 WL 1862116, at *11-12 (D. Vt. Aug. 4, 2005). Finally, there is no indication that the exception to the mootness principle for claims that are capable of repetition, yet evading review, *see City of Los Angeles v. Lyons*, 461 U.S. 95, 109, 103 S. Ct. 1660, 1669 (1983), applies in this case.

    **2.**    **Retaliation Claim**

Defendants raise two objections regarding Plaintiff's First Amendment retaliation claim. First, they take issue with the magistrate judge's conclusion that Plaintiff's placement on suicide observation status and being called a homosexual could constitute an adverse action for purposes of

3

a retaliation claim. In reaching this conclusion, the magistrate judge cited *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999) (en banc), as authority for the proposition that placement in suicide watch could constitute an adverse action. In particular, the magistrate judge relied on the Sixth Circuit's statements that "[i]n the prison context, an action comparable to transfer to administrative segregation would certainly be adverse," and that "[h]arassment, physical threats, and transfer to the area of the prison used to house mentally disturbed inmates" would be adverse actions. (Report and Recommendation at 5 (quoting *Thaddeus-X*, 175 F.3d at 396, 398).) Defendant contends that the magistrate judge erred in comparing placement in suicide watch to administrative segregation because the former is a protective measure, while the latter is a punitive placement. Defendant further contends that the magistrate judge failed to cite any authority for the proposition that name calling is an adverse action.

While the comparison of suicide watch to administrative segregation is not entirely accurate, it need not be perfect. The test for determining whether a particular action is adverse is whether it could "'deter a person of ordinary firmness' from the exercise of the right at stake." *Thaddeus-X*, 175 F.3d at 396 (quoting *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982)). In making this determination, a court must tailor its analysis to the circumstances of the specific retaliation claim. *See Mezibov v. Allen*, 411 F.3d 712, 721 (6th Cir. 2005). Even though suicide watch may be a protective measure, the question is whether its use as a retaliatory means would deter a person of ordinary firmness from continuing to engage in the protected conduct. Defendant has cited no case for the proposition that it would not, and this Court agrees with the magistrate judge that the conditions imposed during suicide watch are such that they would deter a person from engaging in protected conduct. Apart from suicide watch, the magistrate judge also noted that Plaintiff alleged that Defendant falsely accused Plaintiff of being a homosexual and that Defendant deprived Plaintiff

4

of food. Denying a prisoner food would constitute an adverse action, as would falsely characterizing a prisoner as a homosexual if Plaintiff were able to show that such a label could affect a prisoner with the prison environment. Accordingly, Plaintiff has sufficiently alleged an adverse action.

Defendant also takes issue with the magistrate judge's determination that the favorable termination requirement of *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584 (1997), and *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), does not bar Plaintiff's claim. The magistrate judge concluded that the rule does not apply to Plaintiff's retaliation claim because his claim stems from Defendant's alleged retaliation following Plaintiff's grievance and does not depend upon whether Plaintiff is actually guilty of the November 9, 2006, misconduct. Defendant contends that the favorable termination requirement applies because Plaintiff is alleging that Defendant accused him of having a cup in his cell in order to have Plaintiff placed on food loaf restriction and that Defendant did so because Plaintiff had filed a grievance against him. As the Court reads and understands Plaintiff's complaint, Plaintiff is not contesting the finding that he possessed a styrofoam cup. Rather, he is alleging that Defendant retaliated against him because of the grievance – a claim that does not depend upon Plaintiff's guilt for the November 9, 2006, misconduct. Thus, this argument is rejected.

   3.  **Equal Protection Claim**

The magistrate judge concluded that Defendant's motion for summary judgment on Plaintiff's equal protection claim should be denied because Plaintiff's allegations that Defendant harassed him, placed him on suicide watch, and called him a homosexual because he is a Black Muslim were sufficient to establish an equal protection claim. In his Objections, Defendant again contends that Plaintiff's allegations are conclusory because it is unclear whether Plaintiff is alleging

that Defendant discriminated against him because he is an adherent of the Bible, the Holy Qur'ran, because he is black, or because Defendant has historically called black prisoners derogatory names.

The Court agrees with Defendant that he is entitled to summary judgment on Plaintiff's equal protection claim. Apart from Plaintiff's failure to identify with any particularity the suspect class to which he belongs, i.e., Muslim, black, or both, Plaintiff fails to provide evidence showing that he was treated differently from similarly situated individuals. *See Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 574-75 (6th Cir. 2008) (holding that the district court properly granted summary judgment on the plaintiff's equal protection claim based upon the plaintiffs' failure to provide evidence of any similarly situated individuals); *Porter v. Soice*, 24 F. App'x 384, 387 (6th Cir. 2001) (affirming dismissal of the plaintiff's equal protection claim where the plaintiff failed to allege that he was a member of a suspect class or that he was treated differently from others similarly situated). Given Plaintiff's failure to identify any similarly situated individual outside the suspect class, his equal protection claim must fail.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued May 7, 2008 (docket no.23) is **ADOPTED IN PART AND REJECTED IN PART** as the Opinion of this Court as follows:

1. The Report and Recommendation is adopted with regard to the dismissal of Plaintiff's official capacity claim but rejected insofar as the Magistrate Judge conclude that Plaintiff may maintain a claim for injunctive relief. Plaintiff's official capacity claims are therefore **dismissed with prejudice in their entirety.**

2. The Report and Recommendation is adopted with regard to Plaintiff's First Amendment retaliation claim, which remains for trial.

3. The Report and Recommendation is adopted with regard to Plaintiff's Eighth Amendment claim, which is **dismissed with prejudice**.

4. Finally, the Report and Recommendation is rejected with regard to Plaintiff's equal protection claim, which is **dismissed with prejudice**.

The case will proceed solely upon Plaintiff's retaliation claim.


Dated: July 9, 2008 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE