UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

Antone Reynolds #222375

v.  Case No. 2:07-cv-59
 HON. R. ALLAN EDGAR

Unknown Mattson,
_____/

MEMORANDUM

This case came before the court on August 19, 2009 for a bench trial. This memorandum constitutes the court's findings of fact and conclusions of law.

Plaintiff is an inmate in the Michigan Department of Corrections. In this suit, brought under 42 U.S.C. 1893 against a prison corrections officer in his individual and official capacities, he asserts that the officer deprived him of his rights under the First Amendment to the United States Constitution. One of his claims is that the defendant retaliated against him for filing a grievance on November 10, 2006. He claims that defendant wrongfully accused him of having a styrofoam cup in his cell, for which defendant placed plaintiff on "food loaf." Plaintiff filed a grievance on this which was ultimately denied. The asserted retaliation was that on November 14th, defendant had plaintiff placed in an "observation cell." Prison records show that this was done because plaintiff told the defendant that he wanted to kill himself.

The other claim made by plaintiff is that defendant on December 24, 2006, again had plaintiff placed in an observation cell. On this occasion, the plaintiff asserts that this was for reading the Bible and the Koran in his cell. There is no prison record of this event. No one, other that the plaintiff, can remember it. No grievance was ever filed as a consequence of this alleged happening. Plaintiff acknowledges that on both of his visits to the observation cell he remained there only one day. He seeks damages for mental and emotional distress.

To prevail on his retaliation claims, plaintiff must prove by a preponderance of the evidence all of the following elements: (1) that he engaged in conduct protected by the First Amendment; (2) that defendant took adverse action against him that would deter a person of ordinary firmness from engaging in that protected conduct; and (3) that the Defendant's adverse action was motivated, at least in part, by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388-399 (6th Cir. 1999)(en banc); *King v. Zamiara,* 150 Fed. Appx. 485, 491 (6th Cir. 2005); *Scott v. Churchill,* 377 F.3d 565, 569 (6th Cir. 2004); *Smith v. Campbell*, 250 F. 3d 1032, 1036-38 (6th Cir. 2001).

While filing a grievance amounts to activity protected by the First Amendment; and while arguably the placing of defendant in an observation cell could amount to adverse action; the proof in this case in no way demonstrates that defendant was motivated by the grievance to retaliate against the plaintiff. To the contrary, the November 2006 trip to the observation cell was motivated by a desire to protect the plaintiff from himself. As to the alleged December incident, reading religious books is protected under the First Amendment. However, there is scant evidence that this alleged trip to observation ever occurred. If it did, there is certainly no evidence that the defendant was motivated in any way by plaintiff's religious practices. Finally, there is no evidence that plaintiff suffered any emotional, mental or other damages as a consequence of whatever happened to him.

Judgment will be entered for the defendant.

SO ORDERED.

Dated: 8/19/09

                                                        */s/ R. Allan Edgar*  
                                                       R. ALLAN EDGAR  
                                                 UNITED STATES DISTRICT JUDGE